IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| CAROLYN M. HILL | * |
| | * |
| Plaintiff | * |
| | * |
| V. | * |
| | *   NO: 4:11CV00453 SWW |
| SELECT SPECIALTY HOSPITAL - | * |
| LITTLE ROCK, INC., ET AL. | * |
| | * |
| Defendants | |

### ORDER

Plaintiff Carolyn M. Hill brings this employment discrimination action *pro se,* pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983[1], against Select Specialty Hospital--Little Rock ("SSH"), Ed Gilbertson, Maureen Haneken, and D.J. Mayes. Before the Court is Defendants' motion to dismiss (docket entries #12, #13). The time for responding has passed, and Hill has not filed a response.[2] After careful consideration, and for reasons that follow, Defendants' motion will be granted, and this action will be dismissed with prejudice.

I.

Hill, a black female, began working for SSH as a licensed practicing nurse on August 28,

---

[1] In her complaint, Plaintiff claims that Defendants violated her rights under the Fourteenth Amendment of the United States Constitution and "Title VI of the Civil Rights Act of 1964." Compl., ¶ 30.

[2] By order entered July 25, 2011, the Court notified Hill of her responsibility to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court, including Local Rule 5.5(c)(2), which states that it is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to
monitor the progress of the case, and to prosecute or defend the action diligently.

2006. Hill alleges that Defendant Mayes, SSH's staffing coordinator denied her scheduling requests and "failed to fulfill her obligations regarding the schedule." Compl., ¶ 20. Hill further alleges that she reported her grievances regarding her work schedule to Defendants Gilbertson and Haneken, SSH administrators, but they failed to resolve her problem. Hill reports that on May 27, 2008, she received a letter of termination from Gilbertson, stating that her employment was terminated for failure to follow SSH's attendance policy and "a total of four no-calls, no-shows that could not be overlooked." Compl., ¶ 25.

Hill commenced this lawsuit on June 1, 2011, charging that Defendants "violated [her] rights under 42 U.S.C. 1981, 1982, 1983, 1988, because of [her] race, color, sex, retaliation." Compl., at 10.

## II.

The Court must accept the factual allegations in the complaint as true and hold Hill's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to factual allegations. *See Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). To state a claim for relief, a *pro se* pleading must set forth allegations sufficient to state a claim as a matter of law and must not contain merely conclusory allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In reviewing Defendants' motion to dismiss, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In deciding whether Hill states a claim, the Court must

determine whether she has plead facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the . . . claims across the line from conceivable to plausible." *Id.* at 1974.

### III.

Discrimination on the Basis of Race and Sex

Hill claims that Defendants discriminated against her because of her race, color, and sex in violation of Title VII and § 1981. In support of these claims, Hill alleges, "Defendants, all white, denied Plaintiff the right to contract the same as white persons." Compl., ¶ 28.

To establish discrimination based on disparate treatment, Hill shoulders the burden to show, with circumstantial or direct evidence, that the complained-of conduct was motivated by race or sex discrimination. Because Hill makes no allegations that directly point to the presence of a discriminatory motive, the Court will analyze her discrimination claims under the three-part framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972).[3] Under the *McDonnell Douglas* framework, Hill must establish a *prima facie* case of discrimination by showing that (1) she is a member of a protected class; (2) she met the legitimate expectations of her employer; (3) she suffered adverse employment action; and (4) similarly situated employees

---

[3]The *McDonnell Douglas* burden-shifting analysis is applicable to claims brought under Title VII, 42 U.S.C. § 1983, and 42 U.S.C. § 1981. *See Lockridge v. Board of Trustees of University of Arkansas,* 315 F.3d 1005, 1013 (8th Cir. 2003).

that were not members of her protected class were treated differently. *See Philip v. Ford Motor Co.*, 413 F.3d 766, 768 (8th Cir. 2005).[4]

Defendants assert that Hill fails to allege facts to support a discrimination claim, and the Court agrees. The complaint is void of allegations that similarly situated employees outside of her protected classes were treated differently. Hill's conclusory allegation that Defendants denied her the right to contract on the same terms as white persons will not suffice.

Retaliation

In addition to claiming that Defendants discriminated against her on the basis of race and sex, Hill claims that Defendants retaliated against her. She alleges that she wrote a letter on or about May 24, 2008, which "included everything that happened concerning the scheduling conflict, because she knew in her heart she had been discriminated against . . . . " Compl. ¶ 24. Hill further alleges that on May 16, 2008, she discovered that she didn't receive personal time off as she requested and "this action was taken as a means of retaliation by Mayes and Gilbertson "because she wouldn't allow them to force her into a slavery mind set." Compl., ¶ 24.

To state a *prima facie* case of retaliation, Hill must show that (1) she engaged in protected conduct; (2) a reasonable employee would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected

---

[4] If Hill makes a *prima facie* showing, the burden shifts to Defendants to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Then, the burden shifts back to Hill to present evidence that the stated reason for adverse action is pretext for discrimination. *Id.* Specifically, Hill must (1) discredit Defendants asserted reasons and (2) show that the circumstances permit a reasonable inference that race or sex was the real reason for the adverse employment action. *See Johnson v. AT & T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005).

conduct. *See Stewart v. Independent School Dist. No.* 196, 481 F.3d 1034, 1043 (8th Cir. 2007). Here, Hill does not allege that her May 24, 2008 letter reported discrimination based on race or sex, and she provides no information indicating that the letter, or any other conduct on her part, amounted to protected activity. See Brower v. Runyon, 178 F.3d 1002, 1006 (8th Cir. 1999)("[T]he complaint which allegedly led to the retaliation must have related to conduct protected under Title VII.").

### 42 U.S.C. § 1982

Hill claims that she was denied property rights because of her race and sex in violation of 42 U.S.C. § 1982. *See* Compl., ¶ 29. Section 1982 provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." The complaint contains no allegations pertaining to real or personal property, and Hill's conclusory statement that she was denied property rights because of her race fails to state a claim under § 1982.

### 42 U.S.C. § 1983

Section 1983 provides a remedy when a person "acting under color of state law" deprives an individual of a right secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. Hill alleges that Defendants acted under color of state law because they "relied on Arkansas right to work law dues denying her rights under the United States Constitution . . . ." Compl., ¶ 30. Under appropriate circumstances, private individuals may be said to be acting under of color of state law. The acts of a private party are "fairly attributable to the State" and are considered to be under "color of state law" for § 1983 purposes "if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior

'may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S. Ct. 449 (1974). Here, Hill's allegation that Defendants relied on state law in making employment decisions falls far short of demonstrating state action.

For the reasons stated, the Court finds that Hill has failed to allege facts showing that she has a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (docket entry #12) is GRANTED. Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 27th DAY OF OCTOBER, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE